## TOM LAYMAN v. STATE.

No. A-2456.  Opinion Filed April 22, 1916.

(156 Pac. 907.)

1. **WEAPON—Pointing—Instruction.** In a prosecution for pointing a pistol at another it was error for the court to refuse to instruct the jury upon the question of defendant's right of self-defense, where the testimony for defendant tended to show that he was assaulted by the complaining witness with a dangerous weapon.

2. **ASSAULT AND BATTERY—Criminal Responsibility—Defense of Property.** A man has the legal right to protect his property against trespass, opposing force to force.

*Appeal from County Court, Pottawatomie County;*
*Hal Johnson, Julge.*

Tom Layman, was convicted of pointing a pistol at another, and appeals. Reversed.

*H. H. Smith* and *I. C. Sanders,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.  Plaintiff in error, Tom Layman, herein referred to as defendant was tried and convicted in the County Court of Pottawatomie county on an information charging that he did unlawfully, intentionally and without authority of law point a pistol at the person of one Eugene Tarlton. In pursuance of the verdict he. was sentenced to be confined in the county jail for a period of ninety days and to pay a fine of fifty dollars. To reverse the judgment he appealed by filing in this court March 11, 1915, a petition in error with case-made.

The material facts which the evidence tends to show were as follows:

The defendant lived with his mother on her place a few miles from Shawnee and his son and daughter-in-law lived

directly across the road.  The complaining witness with his father
and several other persons were passing along this highway. in a
wagon and a dog belonging to the complaining witness began
fighting a dog belonging to defendant.  The complaining witness,
Eugene Tarlton and one or two other persons in the wagon got
out and attempted to separate the dogs.  The complaining witness
had an iron end-gate rod in his hand and threatened or attempted
to strike defendant with the iron rod.  Defendant went to his
house and returned with a pistol.  The complaining witness testi-
fied that defendant pointed the pistol at him and told him "to go
on up the road"·and he told defendant that if he would put the
gun down he would show him where a man laid in about a
minute.  He admitted that he had an iron rod in his hand at the
time.  Henry Bowen for the state testified that he was with the
crowd in Tarlton's wagon and they were on their way to pick
cotton when the dog fight started.  That Eugene Tarlton and a
brother of witness jumped out of the wagon and were kicking
at the dogs and trying to separate them when defendant ran up
and said something about kicking his dog.  That he then ran back
to the house and came out with a gun in his hand and said to
Eugene Tarlton, "You get in that wagon," and Tarlton said, "If
you will put that gun up I will whip you," and Tarlton's father
said, "Come on Gene, this is not over." That Tarlton had a
wagon rod in his hand at the time, but he did not see him strike
at defendant with it.

Two other witnesses for the state testified in substance to
the same state of facts.

For the defense Mrs. N. E. Layman testified that she was
seventy-two years old, mother of defendant, and he lived with
her on her place three miles southwest of Shawnee and her
grandson Clyde Layman and his wife lived directly across the
road from her home; that she went over that morning to help
her granddaughter quilt and left her dog chained to the porch;
that she heard the dogs fighting and with her granddaughter went
out to the road and asked the men to part the dogs; that Eugene
Tarlton was standing with an iron rod about three feet long in

his hand and she asked him to part the dogs and he said, "No let them fight." That defendant, her son was at the barn harnessing the mules and she called for him and he came to her; that after some words Eugene Tarlton struck at her son with the iron rod and her son dodged the stroke and went in the house and when he came back they turned the dog loose. That Eugene Tarlton was swearing and threatened to whip her son and his father and two or three others were holding him and trying to get him to go back to their wagon, and about that time she fainted and fell.

Mrs. Clyde Layman testified that Eugene Tarlton and some other person with him were hissing the dogs and encouraging them to fight and Eugene Tarlton had a long iron rod in his hand; that she did not see Tom Layman point the pistol.

As a witness in his own behalf the defendant Tom Layman testified that he was at his barn when he heard his mother scream; and he rushed out and saw his mother and his daughter-in-law standing in the yard and the dogs were fighting, that he tried to separate the dogs and Eugene Tarlton said, "Let them fight," and struck at him with an iron rod. That he then went into the house and got the pistol and when he came out they had the dogs parted and he took his dog and tied him, and while he was doing that his mother fell in a faint; that during this time Eugene Tarlton was cursing and wanting to fight him and dared him to come out on the road, saying that he could and would whip him, and his father and two or three others were holding him and trying to get him to go back to the wagon. That the other persons were all strangers to him. That he did not at any time point the pistol at Eugene Tarlton and did not point it at or toward any other person. That he went and got the pistol to protect himself from further assault and to protect his property.

The assignments of error are based upon exceptions taken to the instructions given and the refusal of the court to give certain requested instructions.

The charge of the court consisted of six instructions and the only issue submitted to the jury was whether or not defendant did point a pistol at the person of Eugene Tarlton as charged in the information. The instructions requested and refused were based upon that provision of our penal code providing that:

"To use or to attempt to offer to use force or violence upon or toward the person of another is not unlawful in the following cases:

First: _____

Second: _____

Third. When committed either by the party about to be injured, or by any other person in his aid or defense, in preventing or attempting to prevent an offense against his person, or any trespass or other unlawful interference with real or personal property in his lawful possession; provided the force or violence used is not more than sufficient to prevent such offense."

Section 2342 Rev. Laws.

Under the evidence in this case we are clearly of the opinion that the court erred in refusing to instruct the jury upon the question of defendant's right of self-defense. A defendant has the right to have the jury instructed on the law applicable to his defense if there is competent evidence reasonably, tending to establish that defense. The question presented is directly passed upon by this court in the case of *Dickinson* v. *The State,* 3rd Okla. Cr. 151, 104 Pac. 923.

For the refusal of the court to instruct the jury upon the question of defendant's right of self-defense, the judgment of conviction is reversed.

ARMSTRONG, J., concurs.